# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x
                                 :

In re:                             :    Chapter 11

HO WAN KWOK, *et al.*,[1]        :    Case No. 22-50073 (JAM)

                Debtors.    :    (Jointly Administered)

-----------------------------------------------------------------x
                                 :

LUC A. DESPINS, CHAPTER 11 TRUSTEE,  :

              Plaintiff,    :    Adv. Pro. No 24-05219 (JAM)

v.                         :

JASON MILLER,            :

              Defendant.    :

-----------------------------------------------------------------x
                                 :

JASON MILLER,            :

              Movant,    :    3:26-mc-00053 (VDO)

v.                         :

LUC A. DESPINS, Chapter 11 Trustee,  :

              Respondent.    :

-----------------------------------------------------------------x

## CHAPTER 11 TRUSTEE'S OBJECTION TO DEFENDANT'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this objection (the "Objection") to the motion of Defendant Jason Miller (the "Defendant") to withdraw the reference (the "Motion") [ECF No. 1] in the above-captioned adversary proceeding.[2]   In support of this Objection, the Trustee respectfully states the following:

## PRELIMINARY STATEMENT

This is one of 34 currently pending motions to withdraw the reference stemming from (i) adversary proceedings commenced by the Trustee seeking a determination that certain shell companies were the Debtor's alter egos (and/or were beneficially owned by him) and (ii) a series of related adversary proceedings (of which this is one) asserting claims to recover transfers that the Debtor made to defendants through such shell companies, either as avoidable post-petition transfers under section 549 of the Bankruptcy Code or as avoidable prepetition transfers under sections 544 and 548 of the Bankruptcy Code.  Many of the pending motions are substantively identical in full or in part.[3]

Motions to withdraw the reference are governed by the *Orion* factors, set out in *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993).  This Court has already issued multiple rulings finding that *Orion*'s considerations of core vs. non-core matters, judicial efficiency, uniformity of bankruptcy administration, and forum shopping supported the denial of motions to withdraw the reference filed by similarly-situated defendants in the Chapter 11 Case.  There is no reasonable basis to argue for a different outcome

---

[2]    Citations to documents filed in proceedings discussed herein utilize the following conventions: Documents filed in this miscellaneous proceeding are cited using [ECF No. __]; documents filed in the underlying Adversary Proceeding are cited using [Adv. Proc. ECF No. __]; and documents filed in the Chapter 11 Case are cited using [Main Case ECF No. __].

[3]    The pending motions are set forth on **Exhibit 1** hereto.

here.  Yet Defendant essentially ignores these earlier rulings—and the *Orion* factors they relied upon—and requests removal of this action from the Bankruptcy Court based almost entirely on its contention that it is entitled to a jury trial.  This argument is unavailing.

First, as this Court has explained, arguing for withdrawal of the reference based on one's right to a jury trial is "unpersuasive" where, as here, the proceeding is not yet trial ready.  Indeed, the Defendant acknowledges that it does not "seek immediate withdrawal of the reference" and instead "seeks withdrawal at the conclusion of discovery and other pretrial matters."  This, on its own, defeats the Motion by establishing that the relief it seeks is premature.

Even if the Court were inclined to consider the merits of the Defendant's asserted right to a jury trial, the Defendant misstates and misapplies the law.  The Defendant is not entitled to a jury trial on the Trustee's alter ego claims.  In analyzing alter ego claims, the Second Circuit focuses on the nature of the particular relief sought by the claim, with a jury trial available only if the plaintiff seeks a money judgment.  Here, the Trustee's alter ego and beneficial ownership claims do not seek money judgments but, rather, (i) declaratory rulings that certain entities and their assets are, and always were, property of the bankruptcy estate (the "Estate") and, relatedly, (ii) orders directing turnover of the entities and their assets to the Trustee.

For all these reasons, and as set forth in detail below, the District Court should deny the Defendant's Motion.

**BACKGROUND**

In addition to the facts and background set forth in the Complaint (which are incorporated herein by reference), the Trustee submits the following:

This Adversary Proceeding, commenced on February 14, 2024, is part of the Trustee's overall efforts to recover property of the Estate that the Debtor has attempted to hide from his creditors.  Specifically, the Trustee seeks to avoid and recover certain transfers of the Debtor's

property made prior to the Petition Date through Lexington Property and Staffing Inc ("Lexington") and HCHK Technologies Inc ("HCHK," and together with Lexington, the "Relevant Alter Egos") some of the many shell companies the Debtor used as part of his fraudulent shell game to hinder, delay, and defraud his creditors while enriching himself and his family. The Trustee has already obtained (i) a declaration, in a separate and stand-alone proceeding, that the Relevant Alter Egos are the Debtor's alter egos and that the Debtor equitably owned the entities and their assets and (ii) an order requiring the turnover to the Trustee of the Relevant Alter Egos' assets and of the ownership interests therein.[4] Because it has been determined that the Relevant Alter Egos' assets are, and always were, property of the estate, the Trustee seeks in the instant adversary proceeding to recover from the Defendant various transfers made by the Debtor through the Relevant Alter Egos. Specifically, the Trustee asserts prepetition fraudulent transfer claims under sections 548 and 544 of the Bankruptcy Code (and, through section 544, under various sections of the New York Debtor and Creditor Law).

On May 30, 2025, the Defendant filed its *Answer and Affirmative Defenses* and, on April 23, 2026, the Defendant filed this Motion, which was transmitted to this Court on April 29, 2026.

Importantly, and as noted above, this Motion is one of 34 that are currently pending, all of which seek the same relief and make substantially similar arguments. This is because the litigation background just described is present in those motions as well. The Trustee has obtained judgments that 28 separate entities are either the alter egos of, or beneficially owned by, the Debtor. Based on those rulings and on further alter ego and beneficial ownership claims asserted by the Trustee, the Trustee has, separately but relatedly, filed approximately 360 adversary proceedings (including the above captioned proceeding) to avoid and recover both pre and postpetition transfers made by

---

[4]     *See* Adv. Proc. No. 23-05013, Docket No. 297.

the Debtor through those entities to various transferees, such as the Defendant here. After significant discussion and careful consideration of the complexities of litigating hundreds of almost identical claims, the Bankruptcy Court has established certain procedures to resolve both the alter ego and beneficial ownership claims and the avoidance actions. Indeed, on April 22, 2026, orders modifying those procedures and extending the trial schedule were entered by the Bankruptcy Court.

## ARGUMENT

In *Orion*, the Second Circuit identified five factors courts should consider in connection with a motion to withdraw the reference: (i) whether claims at issue implicate "core" bankruptcy matters; (ii) considerations of judicial efficiency; (iii) considerations of uniformity of bankruptcy administration; (iv) prevention of forum shopping; and (v) presence of legal versus equitable claims and a defendant's right to jury trial. The relevant *Orion* factors weigh heavily against withdrawal and the Trustee's claims should remain before the Bankruptcy Court until they are trial ready (if ever).

### I. This Court Has Already Explained that Relevant *Orion* Factors Do Not Support Withdrawal

The Defendant is not the first (or second or third) avoidance defendant to seek withdrawal of the reference, and this Court has not granted any of these prior motions. Instead, the Court has repeatedly found that the *Orion* factors—the core nature of the Trustee's claims, interests of judicial economy, considerations of the uniformity of bankruptcy administrations—all weigh heavily against withdrawal. As the Court has explained:

> The Trustee has already identified and brought into the estate multiple millions of dollars through hundreds of adversary proceedings, over all of which Judge Manning has presided. Indeed, throughout the Debtor's Chapter 11 case—which itself has over 4,300 entries—and its voluminous related adversary proceedings, the Bankruptcy Court has held frequent hearings, issued dozens of written opinions, and otherwise resolved an

5

enormous number of additional ancillary issues, some of which share factual and legal similarities to those posed in this Adversary Proceeding (e.g., alter ego and equitable ownership claims arising from the Debtor's complex and prolific "shell-game," and the related transfers made by the Debtor through those alter-egos to various non-debtor entities such as [the defendant]).[5]

The Court's prior denials of essentially identical motions is fully consistent with a well-developed body of caselaw in this district and circuit, which repeatedly emphasizes that bankruptcy courts should handle pre-trial matters, especially (i) in large complex cases with hundreds of adversary proceedings and a well-developed factual and legal record in front of the bankruptcy court[6] and (ii) where the claims for which withdrawal are sought involve core issues of bankruptcy law.[7]   Indeed, these factors all work together, with one reinforcing the other. "Uniformity in bankruptcy administration is promoted by allowing a bankruptcy court familiar with the facts to adjudicate the proceeding." *MBM Sand Co. v. Martinez (In re MBM Sand Co., LLC)*, No. 20-32883, 2021 WL 8016834, at *8 (Bankr. S.D. Tex. Apr. 15, 2021). "This factor considers whether the bankruptcy court has become 'intimately familiar' with the underlying facts, the parties, and the remaining issues.  If the bankruptcy court maintains an intimate familiarity

---

[5]   *Boies Schiller Flexner LLP v. Despins*, No. 3:24-mc-00107-KAD (D. Conn. May 5, 2025) (ECF No. 12 at 6-7) (the "Boies Decision").  *See also Weddle Law, PLLC v. Despins*, No. 3:24-mc-00109-KAD (D. Conn. Apr. 28, 2025) (ECF No. 15 at 6) (the "Weddle Decision") ("Moreover, there is little doubt that [the Bankruptcy Court] is deeply familiar with the underlying facts of the Debtor's broader chapter 11 case.").

[6]   *See, e.g.*, *In re N. Boulevard Automall, LLC*, 2022 WL 5184729, at *3 (E.D.N.Y. Oct. 5, 2022) ("The Bankruptcy Court is also deeply familiar with the facts of the underlying Chapter 11 petition, having entered numerous orders and held many hearings over the course of more than 350 docket entries."); *Walker, Truesdell, Roth & Assocs. v. The Blackstone Grp., L.P. (In re Extended Stay, Inc.)*, 466 B.R. 188, 206 (S.D.N.Y. 2011) ("The bankruptcy court has been administering the Extended Stay bankruptcy for over two years. Judicial economy would be promoted by allowing the bankruptcy court, already familiar with the extensive record in this case, to initially adjudicate these cases."); *Enron Power Mktg., Inc. v. Holcim, Inc. (In re Enron Corp.)*, No. 04 CIV. 509MBM, 2004 WL 2149124, at *4 (S.D.N.Y. Sept. 23, 2004) ("In any event, the Bankruptcy Court is already familiar with Enron's claims through its exposure to this case and others, and thus is best equipped to handle discovery and other pretrial matters.").

[7]   *See, e.g.*, *Buchwald v. The Renco Grp. (In re Magnesium Corp. of Am.)*, No. 01-B-14312 (REG), 2004 WL 1161172, at *2 (S.D.N.Y. May 24, 2004) ("[A]llowing the bankruptcy court the first opportunity to address core matters promotes the uniform administration of the bankruptcy code.").

with the case and has dedicated a large amount of time and resources to the adversary proceeding, this factor weighs heavily in favor of denying the withdrawal of the reference." *Id.*

The Court's prior rulings apply with equal force here. Given the Bankruptcy Court's unquestioned familiarity with the complicated facts of the Debtor's Chapter 11 Case, it is indisputably more efficient for the Bankruptcy Court to retain jurisdiction. Furthermore, the Trustee's claims in the above-captioned proceeding (as well as the dozens of similar adversary proceedings pending alongside this proceeding) are all core bankruptcy claims that bankruptcy courts are uniquely positioned to resolve. *See* 28 U.S.C. § 157(b)(2); *see also In re DBSI, Inc.*, 466 B.R. 664, 665 (Bankr. D. Del. 2012) (544 and 548 claims are core claims). And (as the Trustee has briefed at length elsewhere[8]), the Trustee's alter ego and beneficial ownership claims are also (i) core claims (ii) subject to the Bankruptcy Court's final adjudicative authority, notwithstanding the Defendant's assertions to the contrary. [9] *See Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 192 (2d Cir. 2003) ("alter ego claims are core proceedings [] because they relate to the property of the estate"); *Springel v. Prosser (In re Prosser)*, Case No. 06–30009, 07-30012 (JKF), 2013 WL 996367, at *7 (D. V.I. Mar. 14, 2013) ("Although the questions presented in turnover

---

[8]    *See, e.g.*, *Greenwich Land, LLC and Hing Chi Ngok v. Despins*, Case No. 3:23-mc-062 (D. Conn. 2023), Docket No. 11.

[9]    *See* Mot. at 6-9. More importantly, there is no doubt that these claims are statutorily core and fully within the Bankruptcy Court's specialized expertise, which is the relevant question for this factor. Indeed, where the *Orion* factors do not support withdrawal, courts need not even consider the constitutional issues raised by *Stern*. *See In re Ne. Indus. Dev. Corp.*, 511 B.R. 51, 53 (S.D.N.Y. 2014) (noting that while court's adjudicative authority is "an important factor, courts have repeatedly emphasized that this factor is not dispositive" and holding that "[i]n this case, the Court need not decide the effect of the Supreme Court's decision in [*Stern*] on the application of the *Orion* factors. Moreover, by engaging in extensive motion practice, including a motion to dismiss, the Defendant has impliedly consented to entry of a final judgment by the Bankruptcy Court, mooting any *Stern* issues. *See, e.g.*, *In re Wansdown Props. Corp. N.V.*, 620 B.R. 487 (Bankr. S.D.N.Y.2020), *on reconsideration*, 626 B.R. 165 (Bankr. S.D.N.Y. 2021) (Bankruptcy court had authority to enter final judgment where defendant engaged in substantial litigation on the merits); *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 604-05 (S.D.N.Y. 2017), *aff'd*, 730 F. App'x 78 (2d Cir. 2018) (holding law firm defendant consented to bankruptcy court's entry of final judgment on non-core claims in adversary proceeding and noting "invocation of the Bankruptcy Court's authority to dismiss the case was a manifestation of implicit consent to the Bankruptcy Court's jurisdiction") (internal citations omitted).

actions do raise ancillary issues of state law, ***the ultimate inquiry is whether certain property ought to be in the possession of the bankruptcy estate***. This is a specialized inquiry that is not presented to state courts in the ordinary course [and there is] no reason to say that bankruptcy judges cannot constitutionally render final judgments in turnover actions.") (emphasis added), *aff'd*, F. App'x 82 (3d Cir. 2014).

Lastly, courts in this circuit have consistently construed 28 U.S.C. §157(d) narrowly to avoid providing an "escape hatch" out of the Bankruptcy Court. *See In re Enron*, 2004 WL 2149124, at *5. As this Court has acknowledged in prior decisions, the Bankruptcy Court has issued a number of decisions favorable to the Trustee in the broader Chapter 11 case and its related adversary proceedings (*see* Weddle Decision at 8; Boies Decision at 8-9); accordingly, any attempt to forum shop by withdrawing proceedings from the Bankruptcy Court should be discouraged.

## II. Potential Right to Jury Trial Does Not Compel Withdrawal, Certainly at This Juncture

Likely because it knows its Motion is no different than the motions already denied by the Court, the Defendant largely ignores the relevant *Orion* factors discussed above, focusing instead almost exclusively on one factor: its claimed right to a jury trial. However, even where there is a right to a jury trial, "as a number of courts in this [Circuit] have concluded, the appropriate remedy is to deny the motion for withdrawal without prejudice to [the Defendant] renewing the motion during a later phase of this case should the need for a jury trial become concrete." *In re Kossoff PLLC*, 2024 WL 1892432, at *6 (S.D.N.Y. April 29, 2024) (cleaned up).[10]

---

[10] *See also Napolitano v. Hourigan (In re R.J. Patton Co. Inc.)*, No. 306MC183 (PCD), 2006 WL 3826705, at *2 (D. Conn. Nov. 30, 2006) ("motion for withdrawal should be denied where refusal serves the interests of judicial economy and efficiency, such as where significant pretrial or managerial matters remain, even if the action will ultimately be transferred to a district court because the movant is entitled to a jury trial or to an Article III judge"); *Wong v. HSBC Bank USA, Nat'l Assoc. (In re Lehman Bros. Holdings Inc.)*, 532 B.R. 203, 215 (S.D.N.Y. 2015) ("right to a jury trial, even if coupled with a finding that the Bankruptcy Court cannot enter final judgment, does

Indeed, the Defendant concedes that its Motion is premature.  While the Motion attempts to argue that it is timely (see Mot. at 3-5), the bottom line is that the matter is not trial-ready, discovery has not been completed, and the Trustee expects to shortly file a motion for summary judgment arguing, among other things, that law of the case precludes the Defendant from relitigating the alter ego issue as to the Relevant Alter Egos. the bottom line is that the matter is not trial ready as discovery has not been completed.  Accordingly, the Defendant is forced to acknowledge that it "does not seek immediate withdrawal of the reference" and, instead, "seeks withdrawal at the conclusion of discovery and other pretrial matters."[11]  In sum, withdrawing the reference at this time would be highly inefficient and, as this Court has already ruled in almost identical circumstances, the Defendant's argument based on an asserted jury trial right remains "unpersuasive at this juncture."[12]

### a.  Trustee's Claims Are Not Subject to Jury Trial

There is no need to address, at this juncture, whether the Defendant is entitled to a jury trial on any of the Trustee's claims.  The Trustee briefly notes, though, that the Defendant's legal arguments are flawed.

The Defendant devotes approximately two full pages to its argument that it is entitled to a jury trial on the "Trustee's [] Claims to Disregard the Corporate Form."[13]  But there is no need to go beyond a single sentence of the Defendant's discussion on this topic, *i.e.,* the Defendant's acknowledgment that alter ego claims are entitled to a jury trial only "when the ultimate remedy

---

not compel withdrawing the reference until the case is ready to proceed to trial") (citation and quotation marks omitted).

[11]    Mot. at 1, 3.

[12]    *See* Boies Decision at 5 n. 5; Weddle Decision at 5, n. 5.

[13]    Mot. at 9-11.

sought [is] a money judgment."[14]  Indeed, the Defendant itself points out that the "Second Circuit's focus [is] on the nature of the relief."[15]  But the Trustee's alter ego and beneficial ownership claims do not seek money judgments.  The Trustee has filed adversary proceedings against dozens of entities alleged to be alter egos of, or beneficially owned by, the Debtor.  In each of those proceedings, the Trustee's goal was (or is) to obtain (i) declaratory rulings that these entities and their assets are, and always were, property of the Estate and, relatedly, (ii) orders directing their turnover to the Trustee.

As explained above, these alter ego and beneficial ownership claims are intended to define what constitutes the estate and "whether certain property ought to be in the possession of the bankruptcy estate," *Prosser*, 2013 WL 996367, at *7—an issue and process integral to the bankruptcy process.[16]

In other words, avoidance and recovery of the transfers made by the Debtor's shell companies is a ***consequence*** of the Trustee's alter ego and beneficial ownership claims.  It is ***not*** (as Defendant asserts), their "sole purpose."[17]  Accordingly, even under its own analysis of the law, the Defendant is not entitled to a jury trial on the alter ego issue.

[*Remainder of page intentionally left blank.*]

---

[14]  Mot. at 9.

[15]  Mot. at 11.

[16]  This nature of the relief the Trustee seeks in his alter ego and beneficial ownership claims distinguishes the Trustee's claims from the facts and holdings of the cases cited in the Motion.  In both *Passalacqua* and *Robinson Mechanical*, the plaintiff had obtained a judgment for money damages against one party and "hope[d] to pierce the corporate veil so it can enforce the judgment for money damages against a different party." *Robinson Mech. Contractors Inc. v. PTC Grp. Holdings Corp.*, No. 1:15-CV-77-SNLJ, 2017 WL 4150858, at *3 (E.D. Mo. Sept. 19, 2017) (discussing *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131 (2d Cir. 1991)).  *In re Kollel Mateh Efraim, LLC*, 406 B.R. 24, 27 (Bankr. S.D.N.Y. 2009), also cited by the Motion, is functionally identical, as the creditor filed suit against a non-debtor entity seeking a determination that the entity was the debtor's alter ego and should be held liable for the debtor's debts.  None of these cases involved efforts to reclaim estate property.

[17]  Mot. at 11.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the Court

deny the Motion and grant such other relief as is just and proper.

Dated:    May 14, 2026                    LUC A. DESPINS,
          New Haven, Connecticut          CHAPTER 11 TRUSTEE


By: */s/ Kari A. Mitchell*
    Patrick R. Linsey (ct29437)
    Kari A. Mitchell (ct31578)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2800
    plinsey@npmlaw.com
    kmitchell@npmlaw.com

        *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        *and*

    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**Exhibit 1**

**PENDING MOTIONS TO WITHDRAW REFERENCE**

| Case Number | Movant |
| --- | --- |
| 3:26-mc-00003-KAD | Fanggui Zhu |
| 3:26-mc-00013-KAD | Reichard & Escalera LLC |
| 3:26-mc-00015-KAD | GroCyber, LLC |
| 3:26-mc-00018-KAD | Callsign Ltd. |
| 3:26-mc-00020-KAD | American Express Company, et al. |
| 3:26-mc-00021-KAD | Amazon Web Services |
| 3:26-mc-00022-KAD | Amazon.com |
| 3:26-mc-00022-KAD | Mei Guo/Hing Chi Ngok (Amazon.com, Inc., *et al*.) |
| 3:26-mc-00026-KAD | Leicester Hill Infromatices LLC |
| 3:26-mc-00027-KAD | 1245 Factory Place, LLC |
| 3:26-mc-00028-KAD | Redis Lab, Inc. |
| 3:26-mc-00029-KAD | CyberApt Recruitment Ltd |
| 3:26-mc-00030-KAD | Teneo Ltd UK |
| 3:26-mc-00031-KAD | Savino Del Bene, USA |
| 3:26-mc-00032-KAD | Prevenitas Inc. |
| 3:26-mc-00034-KAD | Scarabaeus Wealth Management AG |
| 3:26-mc-00035-KAD | Ascentiq Solutions Limited |
| 3:26-mc-00036-KAD | Strategic Political Management, LLC |
| 3:26-mc-00037-KAD | Hayman Hong Kong Opportunities Onshore Fund LP |
| 3:26-mc-00038-KAD | The Fania Company |
| 3:26-mc-00039-KAD | Weathertest Co Inc |
| 3:26-mc-00040-KAD | Post Oak Motors, LLC |
| 3:26-mc-00041-KAD | Boardwalk Motor Imports, LLC |
| 3:26-mc-00042-KAD | Phillips Nizer LLP |
| 3:26-mc-00043-KAD | ModSquad Inc. |
| 3:26-mc-00044-SVN | Apple Inc. |
| 3:26-mc-00045-KAD | B&H Foto & Electronics Corp |
| 3:26-mc-00046-OAW | Meta Platforms Inc. |
| 3:26-mc-00047-KAD | SGB Packaging Group, Inc. |
| 3:26-mc-00048-KAD | Bering Yachts, LLC |
| 3:26-mc-00049-KAD | Putnam's Landscaping LLC |
| 3:26-mc-00050-KAD | Astound Networks New York, LLC et al. |
| 3:26-mc-00053-VDO | Jason Miller |
| | Mark Gunderson |